FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2022 APR -6  P 3: 43

| | |
|---|---|
| Kaveh Sari | ) |
| **Plaintiff** | ) |
| v. | ) Case: 1:22 CV 349 PTG / TCB |
| Deloitte Consulting LLP | ) |
| And | ) |
| Dhruval Patel | ) |
| Serve Individually | ) |
| And | ) |
| Vahid Sadek | ) |
| Serve Individually | ) |
| And | ) |
| Mahesh Kotha | ) |
| Serve Individually | ) |
| **Defendants** | ) |

# PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, the Plaintiff, Kaveh Sari, and amends his complaint:

### INTRODUCTION

- This is a federal and state action brought for willful violation 18 U.S. Code § 1030 Fraud and related activity in connection with computer against Defendant Deloitte Consulting ("Deloitte").

- Deloitte, its manager, Project Manager, and one of its junior programmers who oversee the Migration Student Information Exchange (MSIX), are petty criminals who are empowered by nothing other than their <u>false</u> sense of self entitlement to violate federal computer security laws, HIPPA and EEO regulations, and numerous other codes of conduct towards their fellow team members. They freely

1

engage in these practices wearing suits to satisfy their egos, all along knowingly violating numerous statutes yet coming down hard on their team members for the slightest of infractions. Their methods are so pervasive, and their abuse is so protracted, that alarm bells went off when your Plaintiff joined the MSIX team, alerting him to be extremely vigilant in dealing with these individuals.

## JURISDCTION

- The Court has jurisdiction under 18 U.S. Code § 1030 (Fraud and related activity in connection with computers).

- Venue is proper in this Court under 28 U.S.C. § 1391(b) as Deloitte conducts business in Virginia. Plaintiff resides in Virginia.

## PARTIES

- Kaveh Sari is a Virginia resident and is protected under 18 U.S. Code § 1030 (g).

- Deloitte Consulting LLP is an international consulting firm based in New York.

- Dhruval Patel is a manger at Deloitte hereinafter referred to as "Patel".

- Vahid Sadek is a project manager at Deloitte, hereinafter referred to as "Sadek".

- Mahesh Kotha is a programmer at Deloitte, hereinafter referred to ask "Kotha".

- Deloitte, its officers, and employees are governed by 18 U.S. Code § 1030 and its subsections.

## FACTS

On or around August 20th, 2019 your plaintiffs commenced a contract with the defendants, to provide services to Deloitte on the Migrant Student Information Exchange. (MSIX). Defendants violated Federal security protocols by providing Plaintiff access to a federal database without proper security credentials. *including Production passwords, data, programs all stored on a non-government, non-secure computer, over non secure networks, (Plaintiff's Exhibit 1A/1B).* Furthermore, Plaintiff was required to work with such database in a manner inconsistent with generally accepted data processing standards. As a result, Plaintiff was subjected to extreme harassment, and abusive language from the

"Get Go" by employees of Deloitte, and its contractor, Mahesh Kotha, an H1-B visa recipient dependent on this status to remain in the United States. This abuse was so prevalent and so obvious, that during one of the meetings, a Deloitte employee admitted that she would not even speak to the Deloitte MSIX project manager, Sadek, and his contractor, Kotha, to whom she referred to as a 'jerk'. Abusive Language included routine shouting, making accusatory comments regarding actions by other Deloitte staff that ultimately found its way to the Plaintiff for accountability. One such incident occurred before Plaintiff was granted his security clearance in violation of 18 U.S. Code § 1030. In that instance, Patel, an inexperienced Deloitte manager, demanded that the Plaintiff "lead the database team", Knowing that the plaintiff had no data access as his security clearance hadn't been granted, this demand was both inappropriate and illegal at its core.

***This incident stemmed from several files having been deleted from the database***. It is noteworthy to mention that it is virtually impossible for anyone to lead a data base team without ***proper credential and proper access to the database,*** not to mention that the method implemented by Patel, IE providing the Plaintiff ***compromised*** access to the database, as well as ***"teaming" him up with another Deloitte employee actually violated security clearance protocols.*** This incident was so blatant, that Sadek had to step in and remind Patel that the Plaintiff had no access. However, Sadek himself was prone to bouts of extreme hostility and almost near violent behavior. In one such instance, having received several phone calls from the Department of Education regarding missing "data requests", Sadek became extremely hostile towards your Plaintiff and another contractor (Dan Bolland) to the point where both Patel, and Kotha had to step in and restrain him from his bouts of anger. It is noteworthy that your Plaintiff had absolutely nothing to do with the missing data requests, as the 'bug' causing this issue had been in a state of neglect since May 2019. The incident with your Plaintiff occurred in November 2019. Unfortunately, the abuse did not stop there. Patel would routinely make changes to the Plaintiff's code, even after code changes were barred, only for Kotha, an overzealous and rather inexperienced programmer to jump in and blame your Plaintiff for those changes.

Unfortunately, the abuse so far, is only the tip of the iceberg. The situation with these defendants was so protracted, and so severe that on numerous occasions, you Plaintiff was forced to ***illegally*** oversee the work of another Deloitte employee based in Orlando, and to assert that the works of such employee was deficient. However, on numerous events, and with solid proof of the associate's work, Plaintiff was not able to find anything wrong with the associates work and did in fact bring up his findings during the daily meetings. At that point Patel divulged to the Plaintiff that the he and Sadek, (and possibly others) whose identifies your Plaintiff is unaware of, had issues with the associate, stemming from her medical condition (dyslexia). Sharing of an employee's medical condition is both a violation of medical Privacy laws and may constitute an EEO violation as well. It is imperative to note that it is absolutely preposterous for the defendant to claim, as a defense, that the same was unaware of the security clearance requirements for this task, as Plaintiff routinely updated the defendant of the progress of his security clearance in progress, one such routine involved the fingerprinting of your Plaintiff, a process so far in the beginning stages of the security clearance process, it is hard to deny that defendant just couldn't wait for the starting bell, as Dhruval once stated they were on a "Fixed Price, Fixed Cost" contract, which for all practical purposes meant, do whatever it takes to get the job done, even if it requires doing illegal things. **"Plaintiff's Exhibit 2"**.

**COUNT ONE: Crimes and Criminal Procedure**
**18 U.S. Code § 1030**
**(Fraud and related activity in connection with computers)**

15. Plaintiff restate each of the allegations in the preceding paragraphs as if set forth at length herein.

16 Defendants violated 18 U.S.C. § 1030(c)(4)(A)(i)(1) by intentionally and illegally providing access to a U.S. government computer without following proper security protocols and without having proper access to the same.

- As a result of the conduct, actions, and inactions of the Defendants as alleged in this Count, the Plaintiff suffered damages to his reputation and professional standing.

- Defendants' violation of 18 U.S.C. § 1030 was willful, rendering the Defendants liable pursuant to 18 U.S. Code § 1030 (g).

- The Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs, and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 18 U.S.C. § 1030(g).

WHEREFORE, Plaintiff move for judgment against the Defendants, individually as alleged for actual and/or statutory damages in the amount of $80,000, and punitive damages; and for attorney's fees and costs, and such other specific or general relief the Court does find just and appropriate.

**TRIAL BY JURY IS DEMANDED**

Kaveh Sari
(703) 795-6000 - Telephone
ksari2000@gmail.com

## CERTIFICATE OF SERVICE

    I hereby certify that on the 6th day of April, 2022 a true copy of the foregoing was electronically mailed, & postage first class prepaid to:

Brian Johnson

Associate

BakerHostetler

Washington Square

1050 Connecticut Ave, N.W. I Suite 1100

Washington, DC 20036-5403

T +1 .202.861 .1537

bvjohnson@bakerlaw.com

bakerlaw.com

                                                        Kaveh Sari

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
__Alexandria__ DIVISION

FILED

__Kaveh Sari__
Plaintiff(s),

2022 APR -6 P 3: 43

v.

Civil Action Number: __1:22CV349PTG/TCB__

__Deloitte Consulting LLP, et al__
Defendant(s).

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of __1st Amended Complaint__.
(Title of Document)

__KAVEH SARI__
Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: __April 6Th, 22__ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)